UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06856-SVW-AJR | Date | November 24, 2025 |
| Title | *Christopher Jack Langner et al v. General Motors LLC* | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [13]

### I. Introduction

Before the Court is a motion to remand, filed by Plaintiffs Christopher Jack Langner and Paula Rae Langner (collectively, "the Langners") on August 8, 2025. Motion to Remand ("Mot."), ECF No. 13. For the following reasons, Plaintiffs' motion is GRANTED.

### II. Background

According to the Complaint, the Langners allegedly purchased a 2020 GMC Sierra 2500, VIN 1GT49PEY4LF253077 (the "Subject Vehicle"), on or around April 6, 2020. Complaint ("Compl."), ECF No. 1-1 ¶¶ 6, 9. The Subject Vehicle allegedly came with express written warranties, whereby Defendant General Motors LLC ("GM") agreed to maintain utility of the vehicle or provide compensation for defects within the applicable warranty period. Id. ¶ 11. The Subject Vehicle allegedly *did* then manifest defects covered by the warranty during the warranty period, including defects in the vehicle's transmission. Id. ¶ 12. Plaintiffs allegedly delivered the Subject Vehicle to Defendant for repair, but Defendant failed to repair the vehicle, replace the vehicle, or provide restitution to Plaintiffs. Id. ¶¶ 13-15.

As a result, on March 13, 2025, Plaintiffs filed suit in Superior Court of California, County of Los Angeles, alleging violations of the Song-Beverly Act, Cal. Civ. Code §§ 1793.2(d), 1793.2(b), 1793.2(a)(3), 1791.1, and 1794; and a violation of the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C §§ 2301-2312. Compl. ¶¶ 8-44. Plaintiffs sought "actual damages," "restitution," "civil penalty in the amount of two times Plaintiffs' actual damages," "consequential and incidental damages," "remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713, "costs and

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06856-SVW-AJR | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Christopher Jack Langner et al v. General Motors LLC* | | |

**JS-6**

expenses," "reasonable attorneys' fees," "prejudgment interest," and "equitable or legal relief." Compl. ¶¶ 17, 24, 28, 44(a)-(h).

Defendant GM removed this case to federal court on July 25, 2025, on the basis of diversity jurisdiction. Notice of Removal ("Rem."), ECF No. 1. Plaintiff responded on August 8, 2025, with the instant motion to remand. Mot. Defendant filed an opposition on August 29, 2025, and Plaintiffs replied on September 8, 2025. ECF Nos. 15, 16.

### III. Legal Standard

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, 2021 WL 4438397, at *1 (S.D. Cal.) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may hear cases only as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 WL 4438397, at *2; 28 U.S.C. § 1332(a)–(a)(1). Moreover, the MMWA provides an independent basis for federal jurisdiction unless "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. §§ 2310(d)(1)(B), 2310(d)(3)(B); *See also Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000").

Importantly, "'the burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.'" *Nieratko* 2021 WL 4438397, at *2 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). There is a strong presumption against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Gonzalez v. FCA US, LLC*, 2020 WL 1444941, at *1 (C.D. Cal.). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06856-SVW-AJR | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Christopher Jack Langner et al v. General Motors LLC* | | |

## JS-6

### IV. Discussion

Defendant GM removed this case based on diversity jurisdiction. Diversity jurisdiction requires two elements: (1) complete diversity of citizenship between the parties; and (2) that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *Nieratko*, 2021 WL 4438397, at *2; 28 U.S.C. § 1332(a)-(a)(1). However, Plaintiffs have also brought a claim under the federal MMWA. Federal question jurisdiction will be proper in this Court over the MMWA claim if Plaintiffs can establish that the amount in controversy is at least $50,000. The Court will then be able to exercise supplemental jurisdiction over the remaining claims under the California Song-Beverly Act, which arise out of the same common nucleus of operative fact—the breach of warranty of the allegedly defective Subject Vehicle. *See* 28 U.S.C. § 1367. Moreover, it is undisputed that Plaintiffs are citizens of California, while Defendant is a citizen of Michigan and Delaware—so complete diversity exists. Rem. at 3; Compl. ¶¶ 2, 4. Therefore, for all intents and purposes, Defendant's removal would be substantively proper if Defendant can establish an amount in controversy of $50,000. Here, Defendant is able to meet that burden.

However, even if jurisdiction is proper, the Court should nonetheless grant Plaintiffs' motion to remand if Plaintiffs can establish that Defendants' removal was untimely, and therefore procedurally defective. Here, Plaintiffs are able to meet this burden.

### A. Amount in Controversy

Defendant contends that the amount in controversy is satisfied by a combination of actual damages, civil penalties, and attorneys' fees. The Court addresses all three below. It may be noted that "since the Magnuson-Moss Act does not specify the appropriate measure and type of damages that are available, 'courts, including the Ninth Circuit, have turned to the applicable state law to determine which remedies are available under the Act, which of necessity informs the potential amount in controversy.'" *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1067–68 (C.D. Cal. 2023) (internal citations omitted). The Court may therefore conduct a unified analysis, because the calculation of damages sought under the underlying, Song-Beverly claim, pursuant to California state law, may be similarly applied to establish the amount in controversy for the MMWA claim.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06856-SVW-AJR | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Christopher Jack Langner et al v. General Motors LLC* | | |

# JS-6

i. Actual Damages

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). This reduction, often called the "milage offset" is based on miles driven before the first attempted repair of the defect. The formula to calculate the mileage offset is as follows:

$$\frac{\text{\# of Miles Drive Between Purchase \& First Repair Attempt}}{120,000 \text{ Miles}} = \text{Use Offset Multiplier}$$

$$\begin{array}{c}\text{Purchase Price} \\ \text{x Use Offset Multiplier} = \\ \text{Use Offset Deduction}\end{array} \rightarrow \begin{array}{c}\text{Purchase Price} \\ \text{- Use Offset Deduction} = \\ \text{Restitution}\end{array}$$

*Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 898 (S.D. Cal. 2021) (citing *Wickstrum v. FCA USA LLC*, 2021 WL 532257, at *1-2 n.2 (S.D. Cal.). When calculating actual damages for the purpose of determining the amount in controversy, the Court must include the statutory offset. *See D'Amico v. Ford Motor Co.,* 2020 WL 2614610, at *2-3 (C.D. Cal.) (collecting cases); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018).

Actual damages available in Song-Beverly cases should be reduced by additional statutorily provided offsets, including (1) the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff ... from third parties, except for optional purchases for dealer-supplied equipment or services;" (2) "negative equity incorporated in the transaction from prior vehicles;" (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate;" and (4) "unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." *Perez v. Gen. Motors LLC*, 2025 WL 3171905, at *2 (C.D. Cal.); Cal. Civ. Code § 871.27(b)–(d), (f); *see also id.* § 871.20 (indicating that § 871.27 applies to Song-Beverly claims).

Here, the Court has reviewed the Retail Installment Sale Contract ("RISC") for the Subject Vehicle, which was provided to the Court *in camera* by Plaintiffs. *See* ECF No. 20. The RISC reveals that the Subject Vehicle was purchased according to a financing agreement, whereby Plaintiffs paid an initial down payment of $1,500 and were thereafter required to pay an additional $1,266, monthly, for 75 months, beginning May 21, 2020—until Plaintiffs had paid a total of $96,489.75. As this Court addressed in a prior order in *Armando Escamilla Bastida v. Ford Motor Company et al.*, 5:25-cv-00751-SVW (June 6, 2025)

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06856-SVW-AJR | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Christopher Jack Langner et al v. General Motors LLC* | | |

# JS-6

(the "Bastida Order"), there is some ambiguity as to restitution plausibly sought in this type of case when the amount "payable" differs from the amount "paid." As in *Armando*, the Court finds that the proper estimate of restitution in this circumstance—where the Subject Vehicle's sales price has been only partially paid by Plaintiffs, but the total number of payments made have not been disclosed by either party—should be calculated by adding the value of Plaintiffs' down payment to the sum of every monthly payment made before the filing of the instant lawsuit. *See also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (holding that limiting a Song-Beverly plaintiff's recovery to payments actually made is consistent with the logic and purpose of the Act, consistent with the general principal of restitution, and consistent with comparable laws of other states). Accordingly, the Court calculates Plaintiffs' actual, restitutionary damages to be $74,928,[1] before offsets are applied.

Furthermore, the Court has reviewed the Repair Orders for the Subject Vehicle—documents that were also provided to the Court *in camera* by Plaintiffs. *See* ECF No. 20. These orders reveal that the first relevant repair attempt occurred when the Subject Vehicle's mileage was measured at 2,672. Applying the appropriate formula, the Court calculates the proper mileage deduction to be $1,668.65.[2] Applying the deduction, the Court finds the adjusted restitutionary damages to be $73,259.35. The RISC also reveals a 'manufacturer's rebate' of $500. Applying that additional deduction, the Court finds the total restitutionary damages to be $72,759.35. There is no evidence to indicate that any additional offsets or considerations should apply.

        ii.    <u>Civil Penalties</u>

Damages under the Song-Beverly Act also may include a civil penalty of up to twice the amount of actual damages. Cal. Civ. Code §§ 1794(c), 1794(e). However, these civil penalties are available only when either: (1) the defendant's violation was willful, or (2) the violation related to a new vehicle, as per Cal Civ. Code § 1793.2(d)(2), and the manufacturer or representative defendant failed to maintain a qualified third-party dispute resolution process. Cal Civ. Code §§ 1794(c), 1794(e). Here, there is no indication that Defendant failed to maintain a qualified third-party dispute resolution process, so the analysis of whether civil penalties may be included in determining the amount in controversy turns on whether Plaintiffs have sufficiently alleged that Defendant's violation was willful.

---

[1] This total is the sum of $1,500 (the original downpayment) and $73,428 (the product of the $1,266 monthly payment and the 58 total payment dates between May 21, 2020, and the filing of the instant lawsuit on March 13, 2025).

[2] The total is the product of the use offset multiplier, which is .02227 (the quotient of the 2,672 miles driven before the first relevant repair and the 120,000 base anticipated by the statute) and the actual restitutionary damages before the offset, previously calculated to be $74,928.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06856-SVW-AJR | Date | November 24, 2025 |
|---|---|---|---|

| Title | *Christopher Jack Langner et al v. General Motors LLC* |
|---|---|

# JS-6

In these cases, when a plaintiff's allegations of willful infringement are conclusory, district courts are split on whether civil penalties may be considered when determining the amount in controversy. *See Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *3 (E.D. Cal.) (collecting and comparing cases in Southern and Central Districts of California and stating "[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy").

To be sure, some courts have found civil damages to be properly included, even upon conclusory allegations. *See Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy"*); see also Luna v. BMW of N. Am., LLC*, 2018 WL 2328365, at *4 (S.D. Cal.) (including the maximum civil penalty in the amount in controversy); *see also Lee v. FCA US, LLC*, 2016 WL 11516754, at *2 (C.D. Cal.) (same).

However, other courts—likening civil penalties to comparable punitive damages—have been reluctant to include them in the amount in controversy calculation without additional evidence. *See Ronquillo v. BMW of N. Am., LLC, No.*, 2020 WL 6741317, at *3-4 (S.D. Cal.) (holding that defendant had failed to establish that the amount in controversy should include a civil penalty when the complaint's request for a civil penalty was conclusory and defendant did not point to specific allegations justifying the appropriateness of civil penalties or analogizing to cases where such penalties were awarded); *see also Khachatryan v. BMW of N. Am., LLC*, 2021 WL 927266, at *3 (C.D. Cal.) (finding "the defendant must make some effort to justify the assumption [that civil damages be included in the amount in controversy] by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty" and citing *Zawaideh v. BMW of North America*, 2018 WL 1805103, at *2 (S.D. Cal.)); *see also Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal.) (finding defendant had not met its burden to establish maximum available civil penalties should be added to the amount in controversy where the complaint alleged the violation was willful because defendant, with knowledge of its inability to repair the vehicle, failed to provide redress to plaintiff, and opining, "[i]f such boilerplate allegations were sufficient to defeat remand, then virtually any Song-Beverley action involving a new vehicle purchase would remain in federal court").

As was already clarified in the Bastida Order, this Court finds the latter approach more persuasive. Defendant bears the burden of establishing removal jurisdiction by a preponderance of the evidence.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06856-SVW-AJR | Date | November 24, 2025 |
|---|---|---|---|

| Title | *Christopher Jack Langner et al v. General Motors LLC* |
|---|---|

# JS-6

*Garrett v. Mercedez-Benz USA, LLC*, 2023 WL 2813564 (C.D. Cal.) (citing *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018)). Gesturing to a bare request by Plaintiffs for civil penalties, with only a conclusory allegation of willfulness, absent facts making willfulness plausible—falls short of that standard. Furthermore, allowing such minimal allegations to support removal would run counter to the strong presumption that must exist *against* removal jurisdiction.

Here, the Langners request for civil penalties is supported by only a conclusory allegation of willfulness. Compl. ¶ 17 ("Defendant's failure to comply with its obligations under Civil Code section 1793.2(d) was willful, in that Defendant and its representatives knew of their legal obligations and intentionally declined to follow them. Accordingly, Plaintiffs are entitled to a civil penalty of up to two times Plaintiffs' actual damages, pursuant to Civil Code section 1794(c)"); *see also* Compl. ¶¶ 24, 28 (functionally alleging same). Defendant has provided no additional evidence to the Court to establish that any definite amount of civil penalties would be appropriate in this case. Therefore, the Court does not consider Song-Beverly Act civil penalties when calculating the amount in controversy.

### iii. Attorneys' Fees

Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). Under the Song-Beverly Act, in particular, "if the buyer establishes a violation under Cal. Civ. Code §§ 1763.2(d)(2) or 1764, he "shall" recover reasonable attorneys' fees. Cal. Civ. Code §§ 1764(d)-(e)(1). Accordingly, attorneys' fees may be included in the calculation of the amount-in-controversy under Song-Beverly claims. Likewise, MMWA claims brought alongside Song-Beverly claims benefit from the same inclusion when calculating amount in controversy. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022); *see also Lazorosas*, 2025 WL 40483, at *2 ("The Song-Beverly Act permits a successful plaintiff to recover reasonable attorneys' fees, so attorneys' fees must be included when calculating the amount in controversy [under the MMWA]."); *see also Perkins v. Mercedes-Benz USA, LLC*, No. 22-cv-03540-CRB, 2022 WL 9529451, at *6 (N.D. Cal. Oct. 14, 2022) (including attorney's fees in MMWA amount-in-controversy calculation based on underlying Song-Beverly Act claims).

Here, there is no compelling evidence submitted by either party to support a definite calculation of reasonable attorneys' fees at the time of removal. In its Notice of Removal, Defendant merely suggested that $5,000 was a reasonable calculation. Rem. at 6. Considering that the actual damages in controversy

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06856-SVW-AJR | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Christopher Jack Langner et al v. General Motors LLC* | | |

# JS-6

total $72,759.35, the amount in controversy under the MMWA is already satisfied before the inclusion of fees, and the amount in controversy for the Song-Beverly claims would be satisfied if attorneys' fees were only $2,240.66. The Court therefore needs not reach a finding as to whether Defendant's proposed estimation of $5,000 is reasonable because it is sufficient for this Court to find that a reasonable calculation for attorneys' fees at least exceeds $2,240.65—a finding that the Court hereby makes. Therefore, the Court finds that the amount in controversy exceeds $75,000; the Court has original jurisdiction over both the MMWA and the Song-Beverly claims.[3]

### B. The Procedural Question—Timeliness of Removal

There are three different possible deadlines for a defendant to remove, depending on the circumstances. *See* 28 U.S.C. §§ 1446(b)(1), 1446(c). If the "case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint," then the defendant must file a notice of removal within 30 days of service. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). However, if "it is unclear from the complaint whether the case is removable," then the defendant need not immediately remove, and instead must remove "within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694 (citing 28 U.S.C. § 1446(b)(1)). Beyond those two deadlines, a defendant *may* remove a case even where it "could have demonstrated removability earlier based on its knowledge beyond the pleadings." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013). In that case, however, if removing under diversity jurisdiction, a defendant generally has a deadline of one year after the action is filed to remove. 28 U.S.C. § 1446(c).

To determine whether a complaint or other paper makes removability ascertainable, the Ninth Circuit, in *Dietrich v. Boeing Co.*, adopted the "unequivocally clear and certain" test. 14 F.4th 1089, 1094 (9th Cir. 2021). In adopting and explaining this test, the *Dietrich* court also favorably cited *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 75 (1st Cir. 2014), and characterized the *Romulus* holding to mean that "[a] paper set[ting] forth sufficient facts from which the amount in controversy can easily be ascertained by the defendant by simple calculation" satisfies the test. *Id.* Since then, courts routinely find that grounds for removability are ascertainable from the face of a document not only when the amount in controversy is stated explicitly, but also when the document contains values such that a defendant need only perform

---

[3] This finding as to reasonableness of fees does not affect the Court's disposition on the motion to remand. Even without the inclusion of fees, the Court may exercise federal question jurisdiction over the MMWA claim and supplemental jurisdiction over the Song-Beverly claims. Regardless, as is discussed below, the jurisdictional question is rendered moot by the procedural defects in GM's removal.

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06856-SVW-AJR | Date | November 24, 2025 |
|---|---|---|---|

| Title | *Christopher Jack Langner et al v. General Motors LLC* |
|---|---|

# JS-6

simple calculations or arithmetic to determine that the amount in controversy allows for removability. *See Larios v. Nissan N. Am., Inc.*, 2025 WL 2402250 at * 5 (C.D. Cal.); *Liou v. Organifi,* LLC, 2020 WL 4559184 at * 2 (S.D. Cal.).

Here, the action was commenced in state court on March 13, 2025. Compl. Defendant was served on March 18, 2025. Declaration of Michelle Yang, ECF No. 13-1 ¶ 5. On June 16, 2025, Plaintiff then produced to Defendant documents (the "Disclosure Documents"), which included the RISC and Repair Orders discussed, *supra IV(A)(i)*. Id. ¶ 7. Defendant removed the case on July 25, 2025—over four months after filing and service, and over 30 days after receiving the Disclosure Documents.

The Court finds that service of the Complaint did not trigger a removal deadline because important jurisdictional facts were not apparent on its face—specifically, the Complaint did not allege the amount paid for the Subject Vehicle, the financing arrangement, or the mileage at the time of the first relevant repair attempt. Although some or all of this information may have been available to Defendant through an investigation, that fact is irrelevant as to whether the 30-day deadline is triggered. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document").

However, the Court finds that the Disclosure Documents *did* trigger the removal deadline because they made grounds for removability unequivocally clear and certain. The Disclosure Documents contained the amount paid for the vehicle, including details of the financing plan, as well as repair orders, which stated the reason for each attempted repair and the Subject Vehicle's odometer reading. The Court is confident that Defendant could have "easily ascertained" the amount in controversy using "simple calculation" by plugging in those values to the relevant formulae. The Court makes this finding because the Court itself reached its own determination of the amount in controversy, through pen-and-paper arithmetic, based solely on the Disclosure Documents, which were provided to the Court *in camera*.

When the Disclosure Documents were presented to Defendant on June 16, 2025, a 30-day deadline to remove was thereby triggered under 28 U.S.C. § 1446(b)(1). That deadline passed on July 16, 2025. The Court finds that Defendant's attempt to remove on July 25, 2025, was therefore untimely. As a result, notwithstanding the fact that the amount in controversy provides original jurisdiction in federal court, remand is nonetheless proper.

:

Initials of Preparer  DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06856-SVW-AJR | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Christopher Jack Langner et al v. General Motors LLC* | | |

**JS-6**

### V. Conclusion

For the foregoing reasons, Plaintiffs' motion is GRANTED. Accordingly, this case is REMANDED to the California Superior Court, County of Los Angeles for further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer   DTA